UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Imelda Del Rosario,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Yakte Properties, LLC, et al.,<br><br>　　　　　　Defendants. | No. Case 2:21-cv-01304-KJM-JDP<br><br>ORDER |

Plaintiff Imelda Del Rosario alleges the defendants in this case went back on promises, made misrepresentations, and violated California and federal law in connection with a notice of a default and notice of trustee's sale. *See generally* Compl., Notice of Removal Ex. A, ECF No. 1. Defendant Yakte Properties, LLC moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6). *See generally* Mot., ECF No. 5; Mem., ECF No. 6. The motion is unopposed, and as explained in this order, it is **granted with leave to amend**.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) may be granted if the complaint's allegations do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.

1

1    *Iqbal*, 556 U.S. at 678.  Conclusory or formulaic recitations of elements do not alone suffice.  *Id.*
2    (quoting *Twombly*, 550 U.S. at 555).

3          The complaint's first claim is for promissory estoppel.  *See* Compl. ¶¶ 28–34.  That claim
4    is based on Ms. Del Rosario's allegation that Yakte broke its promise "to send [her]
5    documentation confirming the debt and providing [her] with loss mitigation options."  *Id.* ¶ 29.
6    Earlier in the complaint, however, she alleges Yakte did *not* give notice that it had acquired an
7    interest in her loans, did *not* tell her it was servicing her loans, and did *not* respond to her requests
8    for documents or information.  *See id.* ¶¶ 18–24.  These contradictory allegations do not permit
9    the court to infer that Yakte made a clear and unambiguous promise, which is an essential
10   element of any claim for promissory estoppel.  *See, e.g.*, *Aceves v. U.S. Bank, N.A.*, 192 Cal. App.
11   4th 218, 226 (2011).  This claim is dismissed.

12         The second claim is for wrongful foreclosure.  *See* Compl. ¶¶ 35–41.  A claim for
13   wrongful foreclosure has three elements: "(1) the trustee or mortgagee caused an illegal,
14   fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage
15   or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor)
16   was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the
17   trustor or mortgagor tendered the amount of the secured indebtedness or was excused from
18   tendering."  *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015) (quoting
19   *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)).  "[M]ere technical violations of the
20   foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely
21   unauthorized on the facts of the case."  *Id.*  Ms. Del Rosario does not allege a sale has occurred,
22   does not allege she "tendered the amount of the secured indebtedness" or was "excused from
23   tendering" and why, and does not allege facts that, if true, would show the foreclosure was
24   "entirely unauthorized."  This claim is dismissed.

25         The third claim is for negligent misrepresentation.  *See* Compl. ¶¶ 42–46.  Ms. Del
26   Rosario alleges the defendants "made representations to [her] that they knew or should have
27   known were false."  *Id.* ¶ 43.  She does not say what those representations were.  Such a cursory
28   /////

1  allegation does not state a claim for negligent misrepresentation.  *See, e.g.*, *Puri v. Khalsa*,
2  674 F. App'x 679, 689 (9th Cir. 2017) (unpublished).  This claim is dismissed.

3        The fourth claim is for violation of California Business and Professions Code section
4  17200, the Unfair Competition Law.  *See* Compl. ¶¶ 47–67.  This claim rests on the same
5  allegations as the previous three claims, which do not permit plausible inferences of unlawful,
6  unfair, or fraudulent practices.  *See* Cal. Bus. & Prof. Code § 17200 (defining "unfair
7  competition" to include "any unlawful, unfair, or fraudulent business act or practice").  This claim
8  is dismissed.

9        The fifth claim rests on California Civil Code section 2924.17.  *See* Compl. ¶¶ 68–79.
10 Section 2924.17 requires notices of default and foreclosure sales to be "accurate and complete
11 and supported by competent and reliable evidence."  Cal. Civ. Code § 2924.17(a).  It also requires
12 "a mortgage servicer" to "ensure that it has reviewed competent and reliable evidence to
13 substantiate the borrower's default and the right to foreclose" before filing or recording the
14 notice.  *Id.* § 2924.17(b).  Ms. Del Rosario alleges Yakte did not correctly calculate the amount
15 due on her loan because the loan was "charged off" by an unnamed third party sometime between
16 2013 and 2018.  *See id.* ¶¶ 16, 71–78.  This vague allegation does not permit the court to infer that
17 Yakte or another entity violated section 2924.17.  This claim is dismissed.  The court need not
18 and does not decide whether Yakte can be liable for violations of this section even if it was not a
19 mortgage servicer.  *See* Mem. at 12–13.  Nor has the court determined whether Ms. Del Rosario
20 can pursue a claim under section 2924.17 before a foreclosure sale.  *Cf. Lucioni v. Bank of Am.,*
21 *N.A.*, 3 Cal. App. 5th 150, 163 (2016) ("Sections 2924.17 and 2923.55 do not create a right to
22 litigate, preforeclosure, whether the foreclosing party's conclusion that it had the right to
23 foreclose was *correct*." (emphasis in original)).

24       The sixth claim cites federal regulations requiring monthly statements on closed-end
25 consumer credit.  *See* Compl. ¶¶ 80–86 (citing 12 C.F.R. § 1026.41).  Ms. Del Rosario's
26 complaint refers to a revolving line of credit.  *See id.* ¶¶ 12, 82–85 & Ex. A at 2.  The regulation
27 cited in her complaint does not apply to a revolving line of credit.  *See Taylor v. Bosco Credit,*
28 /////

1 | *LLC*, No. 18-06310, 2018 WL 6511150, at *2 (N.D. Cal. Dec. 11, 2018) (comparing 12 C.F.R.
2 | §§ 1026.41 and 1026.7).  This claim is dismissed.
3 |       The seventh claim is for violation of the Federal Fair Debt Collection Practices Act and
4 | California's Rosenthal Fair Debt Collection Practices Act.  *See* Compl. ¶¶ 87–94.  Ms. Del
5 | Rosario alleges Yakte misrepresented the amount of her debt by including unspecified "interest
6 | and fees" that it was "federally prohibited from collecting" under unspecified laws, and she
7 | alleges Yakte "made other false statements." *Id.* ¶¶ 90–91.  These allegations are too vague to
8 | permit an inference of Yakte's liability.  This claim is dismissed.  The court need not and does not
9 | consider whether this claim is subject to a defense based on the statute of limitations or whether
10 | the complaint adequately alleges that Yakte was a "debt collector" under the terms of federal or
11 | state law.  *See* Mem. at 14.
12 |       **The motion to dismiss is thus granted**.  Because the shortcomings identified in this
13 | order could potentially be corrected by the addition of factual allegations or by reliance on an
14 | alternative statutory or regulatory basis, the motion is granted with leave to amend.  *See Sonoma*
15 | *Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117–18 (9th Cir. 2013).  Any
16 | amended complaint must be filed **within thirty days**.
17 |       The parties have not filed a joint status report as required in advance of the upcoming
18 | status (pretrial scheduling) conference.  *See* Min. Order, ECF No. 8.  That conference is thus
19 | vacated and reset for **October 28, 2021 at 2:30 p.m.** before the undersigned.
20 |       This order resolves ECF No. 5.
21 |       IT IS SO ORDERED.
22 | DATED:  September 8, 2021.

CHIEF UNITED STATES DISTRICT JUDGE