UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Imelda Del Rosario,<br><br>          Plaintiff,<br><br>     v.<br><br>Yakte Properties, LLC, et al.,<br><br>          Defendants. | No. Case 2:21-cv-01304-KJM-JDP<br><br>ORDER |

Plaintiff Imelda Del Rosario alleges the defendants in this case violated laws and regulations governing her home equity line of credit. *See generally* First Am. Compl., ECF No. 12. This court granted defendant Yakte Properties, LLC's motion to dismiss plaintiff's original complaint with leave to amend. *See generally* Prev. Order, ECF No. 9. Ms. Rosario amended her complaint, and Yakte now moves again to dismiss. *See generally* First Am. Compl.; Mot., ECF No. 14; Mem., ECF No. 14-1. The motion is fully briefed and the court submitted it without oral argument. *See* Opp'n, ECF No. 16; Reply, ECF No. 17; Min. Order, ECF No. 18. As explained below, the motion is **granted in part**.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) may be granted if the complaint's allegations do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual

1

allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Ms. Rosario's first claim rests on federal regulations requiring creditors to send monthly statements to consumers for certain consumer credit accounts. *See* First Am. Compl. ¶¶ 28–33 (citing 12 C.F.R. §§ 1026.5, 1026.7 and 1026.41). Yakte advances three arguments in favor of dismissal. None is persuasive. First, Yakte contends the cited regulations do not apply to plaintiff's home equity line of credit, *see* Mem. at 6, but at least one of the regulations in question relates expressly to a home equity plan, *see* 12 C.F.R. § 1026.7. Second, Yakte argues it was not required to send any statements after delinquency proceedings began in late 2019. *See* Mem. at 6; Reply at 2. This argument cannot neutralize Ms. Rosario's claim that Yakte was required to send statements before 2019 as well. *See* First Am. Compl. ¶¶ 13–21. Third, Yakte contends the first amended complaint does not state a claim because it includes no factual allegations about "the purportedly illegal interest and charges." Mem. at 6. This position does not account for Ms. Rosario's alternative theory that Yakte was required to send statements but did not do so. *See* First Am. Compl. ¶ 32. The motion to dismiss this claim is denied.

Ms. Rosario's second claim rests on the Federal Debt Collection Practice Act and California's Rosenthal Fair Debt Collections Practices Act. *See* First Am. Compl. ¶¶ 34–42. She alleges Yakte misrepresented the amount of her debt by including unspecified "interest and fees" that it was "federally prohibited from collecting" under unspecified laws, and she alleges Yakte "made other false statements." *Id.* ¶¶ 38–39. These are the same allegations this court rejected in its previous order. *See* Prev. Order at 4. Because Ms. Rosario did not correct this shortcoming in her amended complaint, the motion to dismiss this claim is granted without leave to amend. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming dismissal without leave to amend because plaintiff had not corrected error district court previously identified).

/////

1    Plaintiff's third claim is for negligent misrepresentation. *See* First Am. Compl. ¶¶ 43–54.
2    Ms. Rosario alleges Yakte or an unknown but related third party falsely represented her loan had
3    been "charged off." *Id.* ¶ 51.  She relied on a similarly generic allegation in her original
4    complaint.  *See* Prev. Order at 2–3.  As before, her allegations are too vague to permit an
5    inference of Yakte's liability.  *See id.*  This claim is dismissed without leave to amend.

6    The fourth and final claim in Ms. Rosario's amended complaint rests on California
7    Business and Professions Code section 17200, the Unfair Competition Law.  *See* First. Am.
8    Compl. ¶¶ 55–75.  That section permits lawsuits against "any unlawful" business act or practice.
9    *See* Cal. Bus. & Prof. Code § 17200.  It "borrows violations of other laws and treats them as
10   unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech*
11   *Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (citations and quotation
12   marks omitted).  As Yakte correctly argues, however, private plaintiffs can pursue claims under
13   section 17200 only if they have lost money or property as a result of the challenged business
14   practice.  *See* Mem. at 11; *see also* Cal. Bus. & Prof. Code § 17204.  Ms. Rosario does not
15   explain in her amended complaint what money or property she lost as a result of Yakte's
16   allegedly unlawful actions.  She alleges only that she was "damaged" and suffered "a substantial
17   ascertainable loss." First Am. Compl. ¶ 72.  In her opposition, she claims she was saddled with
18   "excessive interest, costs and penalties," among other harms, Opp'n at 9, but a court "may not
19   look beyond the complaint to a plaintiff's moving papers," *see Schneider v. Cal. Dep't of Corr.*,
20   151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted).  This claim is dismissed, but with
21   leave to amend if possible.

22   The motion to dismiss (ECF No. 14) is **granted in part and denied in part**: the second
23   and third claims are **dismissed without leave to amend**; the fourth claim is **dismissed with leave**
24   **to amend**, and the motion is otherwise **denied**.  Any second amended complaint must be filed
25   **within fourteen days**.

26   The status (pretrial scheduling) conference currently set for February 24, 2022 at
27   2:30 p.m. before the undersigned **remains on calendar**, with an updated joint status report due
28   fourteen days prior.

3

1       The order to show cause (ECF No. 13) is **discharged**.

2       IT IS SO ORDERED.

3   DATED: January 26, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE