UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Imelda Del Rosario, | No. 2:21-cv-01304-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Yakte Properties, LLC, et al., | |
| Defendants. | |

In its most recent order, the court dismissed plaintiff Imelda Del Rosario's Unfair Competition Law (UCL) claim and noted "private plaintiffs can pursue [UCL] claims only if they have lost money or property as a result of the challenged business practice." Second Order at 3 (citing Cal. Bus. & Prof. Code § 17204), ECF No. 19. Because plaintiff did not explain what money or property she lost as a result of defendant Yakte Properties, LLC's alleged wrongdoing, the court dismissed the claim with leave to amend. *See id.* Plaintiff amended her complaint. *See* Second Am. Compl. (SAC), ECF No. 20. Defendant Yakte Properties again moves to dismiss the UCL claim for failure to state a claim under Rule 12(b)(6). *See* Mot. Dismiss, ECF No. 23; Mem., ECF No. 24. Plaintiff filed an untimely opposition.[1] *See* ECF No. 29. Yakte Properties

---

[1] Given the importance of reaching the merits in a dispositive motion such as this one, and because defendant is not prejudiced by the court's considering plaintiff's untimely opposition, the court **overrules** defendant's objection and considers plaintiff's untimely opposition in the interest of justice.

1

replied. *See* ECF No. 31. The court held a hearing on April 15, 2022. *See* Minutes, ECF No. 32. Bryan Fairman appeared for Yakte Properties. *Id.* Plaintiff's counsel, Timothy McFarlin, did not appear. *Id.* As explained below, the motion is **granted**.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) may be granted if the complaint's allegations do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Like her First Amended Complaint, plaintiff's Second Amended Complaint does not claim she lost money or property as a result of defendants' allegedly unlawful actions. *See generally* SAC; *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) ("To have standing under California's UCL . . . plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition."). Plaintiff does not allege lost money: though she alleges inappropriate charges have been assessed, plaintiff has not paid the charges. *Cf. Zeppeiro v. Green Tree Servicing, LLC*, 2015 WL 12660398, at *11 (C.D. Cal. Apr. 15, 2015) ("The fact that [plaintiff] does not allege that he paid defendants any of the additional arrearages, late fees, foreclosure fees, or interest charges . . . makes his UCL claim deficient."). Nor does plaintiff allege that defendants' conduct, rather than her own default, will cause her to lose property. *See Greene v. Wells Fargo Bank, N.A.*, No. 15–cv–00048, 2015 WL 12952701, at *3 (N.D. Cal. Nov. 30, 2015) (standing lacking under UCL when homeowner's default preceded defendant's wrongdoing). Rather, plaintiff alleges defendants' wrongdoing caused her to forgo "alternative loans and refinancing," SAC ¶ 51, and that she was "denied the opportunity to make a knowing and intelligent decision," *id.* ¶ 53. These statements indicate only that plaintiff was denied the opportunity to "shop around"; such an allegation is insufficient to support a UCL claim. *See Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696, 697–98 (9th Cir.

2013) (unpublished) (contrasting nine-dollar overpayment, which supported UCL claim, with lost ability to "shop around," which did not).

Plaintiff's UCL claim is dismissed.  Because plaintiff did not correct this claim's shortcomings in her amended complaint, the court dismisses this claim **without leave to amend**. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming dismissal without leave to amend because plaintiff did not correct error district court previously identified).

The court **denies** Yakte Properties' Request for Judicial Notice, ECF No. 25, as moot; the court did not rely on the contents of those documents to resolve the present motion.

This order resolves ECF Nos. 23 and 25.

IT IS SO ORDERED.

DATED:  April 19, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3