UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA DEL ROSARIO, | No. 2:21-cv-01304-DAD-JDP |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |
| YATKE PROPERTIES LLC, et al., | |
| Defendants. | (Doc. Nos. 41, 44, 50) |

On September 12, 2022, the court issued an order directing plaintiff to show cause, in writing no later than September 23, 2022, "why this action should not be dismissed due to plaintiff's failure to comply with this court's Local Rules, failure to complete service of process as required by the Federal Rules of Civil Procedure, and failure to prosecute this action." (Doc. No. 50.)  Therein, plaintiff was "cautioned that failure to respond to this order to show cause may result in this case being dismissed." (*Id.*)  Plaintiff's deadline to respond to that order has now passed, and plaintiff has not filed a response or otherwise communicated with the court.  In light of plaintiff's repeated failures to timely respond to orders of this court (*see* Doc. Nos. 32, 34, 50), it appears that she no longer wishes to prosecute this action but rather has abandoned the litigation.

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

1

to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

Moreover, the Local Rules of this court state that the failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260 (9th Cir. 1992),

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The court is mindful, however, that it appears plaintiff has filed for bankruptcy[1] (*see* Doc. No. 47) and has abandoned this litigation. The issuance of yet another order to show cause would likely be futile.

Accordingly, this action will be dismissed due to plaintiff's failure to prosecute and failure to comply with the court's orders.

---

[1] Although the filing of a bankruptcy case triggers an automatic stay of any civil proceedings against the debtor (i.e., where the debtor is the defendant), *see* 11 U.S.C. § 362(a), there is no automatic stay of civil proceedings when the *plaintiff* files for bankruptcy. *See In re Merrick*, 175 B.R. 333, 337 (B.A.P. 9th Cir. 1994) (noting that "the automatic stay is inapplicable to suits by the bankrupt ('debtor,' as he is now called)") (quoting *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989)).

For the reasons set forth above,

1. This action is dismissed due to plaintiff's failures to respond to the September 12, 2022 order to show cause (Doc. No. 50), prosecute this action, and obey court orders;

2. The pending motion for judgment on the pleadings (Doc. No. 41) and request for a hearing and briefing schedule (Doc. No. 44) are denied as having been rendered moot by the issuance of this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __September 27, 2022__              _Dale A. Drozd_
                                            UNITED STATES DISTRICT JUDGE